IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Tyrone Lamar Robertson, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Warden A. J. Padula, of Lee ) <br> Correctional Institution, and ) <br> Ms. Barbara Ricketson, Mail Room ) <br> Personnel, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 8:06-1519-CMC-BHH <br><br> **REPORT AND RECOMMENDATION** <br> **OF MAGISTRATE JUDGE** |

The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the Court on the defendants' Motion for Summary Judgment (Docket Entry #14) and the plaintiff's Motions to Appoint Counsel (Docket Entry #12) and for a Temporary Restraining Order (Docket Entry #20). Additionally, the plaintiff's wife has filed a motion to be added as a plaintiff. (Docket Entry # 38.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff filed this action on May 18, 2006. On September 18, 2006, the defendants moved for summary judgment. By order filed September 19, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On October 6, 2006, the petitioner filed a response.

## FACTS

The plaintiff is an inmate with the South Carolina Department of Corrections ("SCDC") who is currently housed at Lee Correctional Institution ("LCI"). The plaintiff

alleges that on February 2, 2006, while he was in the Administrative Segregation Unit ("ASU") at LCI, the defendants illegally confiscated two pieces of mail sent to him by his wife. (Compl. at 4 ¶ 7.) He alleges one of the letters contained two family photographs and the other was legal mail. (Compl. at 5 ¶ 11.)

The plaintiff alleges the defendants' actions violated his constitutional right to due process, equal protection, access to the courts, freedom of speech, freedom of expression, freedom of association, and freedom from cruel and unusual punishment. The plaintiff seeks declaratory and injunctive relief and damages. (Compl. at 9 ¶ 24.)

## APPLICABLE LAW

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of it existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-

moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## DISCUSSION

The defendants contend the plaintiff's claims are barred because he failed to exhaust his administrative remedies. On the merits, the defendants admit they confiscated the plaintiff's mail containing photographs. However, they contend the plaintiff was in disciplinary detention or ASU and was therefore ineligible to receive photographs in his correspondence. Additionally, the defendants contend the plaintiff had the opportunity to have the photographs returned to his wife or claim the photographs after he was released from disciplinary detention, but he failed to do so. Further, the defendants deny any interference with the plaintiff's legal mail and also contend the plaintiff has not alleged any injury in regard to this claim.

**Exhaustion of Administrative Remedies**

First, the defendants argue that the plaintiff's claims are barred because the plaintiff has failed to exhaust his administrative remedies. The court agrees. The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust administrative remedies before filing a §1983 action concerning his confinement. 42 U.S.C.A. §1997(e) states:

> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

3

In *Porter v. Nussle*, 534 U.S. 516 (2002), the United States Supreme Court held that the exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes.

Here, the plaintiff has failed to exhaust his administrative remedies. Although the plaintiff did file a grievance, his initial grievance exceeded the maximum number of pages allowed by the SCDC policy and was returned to him with instructions for resubmission. He was also informed that if he did not resubmit the grievance in proper form within five days, "the issue would be closed." (Defs.' Mem. Supp Summ. J. Mot. - Janet Driggers' Aff. Ex. B.) The plaintiff did not resubmit his grievance and the matter was then closed. (*Id.* at ¶ 3.) The plaintiff agrees that his grievance was returned unprocessed. (Pl.'s Mem. Opp. Summ. J. Mot. 16 at ¶ 36.) He argues, however, that when prison officials fail to respond to an initial grievance, the administrative remedies are deemed exhausted. Here, while the plaintiff's grievance was not processed, prison officials did not fail to respond to it. The plaintiff was informed that the grievance was not in the proper form and he was instructed on how to resubmit it. He was further informed of the consequences if he failed to resubmit the grievance; the issue would be closed.

Despite this, the plaintiff failed to resubmit the grievance. Because the plaintiff failed to resubmit his grievance in proper form, he did not exhaust his administrative remedies. *Stevenson v. Quaterman*, 78 Fed.Appx. 941 (5th Cir. 2003)(holding claims not exhausted when grievance was returned as illegible/incomprehensible, and prisoner was instructed to resubmit the grievance, which he did not do). *See also Muhammad v. Berry*, 198 Fed.Appx. 738 (10th Cir. 2006) (holding because prisoner failed to properly follow the prison's grievance procedure as to any of his claims, he did not exhaust his administrative remedies and dismissal was proper). Accordingly, the plaintiff's claims are barred for failing to exhaust his administrative remedies.

**Confiscation of Photographs**

Even if the plaintiff had exhausted his administrative remedies, his claims regarding his mail also fail on the merits. The plaintiff alleges the confiscation of his mail amounts to

4

cruel and unusual punishment and violates his rights under the Due Process and the Equal Protection Clauses and the First Amendment. (Pl.'s Mem. Opp. Summ. J. Mot. at 12-13.) He also appears to allege the confiscation was an illegal search and seizure. (*Id.* at 13.)

Pursuant to SCDC policy OP 22-12, §31.1, an inmate in ASU cannot receive photographs in his correspondence. (Defs.' Mem. Supp. Summ J. Mot. Ex. B.) Further, pursuant to SCDC policy PS-10.08, § 6.1.6, the entire contents of an envelope containing unauthorized photographs are to be returned to the sender at the inmate's expense. (*Id.*)

The plaintiffced was advised by defendant Ricketson that the photographs had been confiscated, and the plaintiff had thirty days to pay the return postage of the photographs. (Defs.' Mem. Supp. Summ. J. Mot. Ex. D.) While the plaintiff did request that the photos be returned to his wife, the sender, and he submitted a debit form for the return postage, his inmate account had insufficient funds to cover the postage. (Defs.' Mem. Supp. Summ. J. Mot. Ex. E.) Further, the Court notes that on February 15, 2006, the plaintiff was released from ASU and he then had another opportunity to claim the photographs, but he did not. In early March 2006, the photographs were destroyed. (Defs.' Mem. Supp. Summ. J. Mot. Ricketson Aff. ¶ 10.)

As a prison inmate, the plaintiff retains certain First Amendment rights. *Thornburgh v. Abbott*, 490 U.S. 401, 407-408 (1989). However, an inmate's constitutional rights are not unrestricted. Prisons may adopt regulations that infringe upon an inmate's constitutional rights as long as the regulations are "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 87 (1987). In order to determine whether the regulation relied on by the defendants is constitutionally permissible, the court must consider four factors: (1) whether the disputed regulation is logically connected to the legitimate government interest invoked to justify it; (2) whether the inmate has alternative means of exercising the right in question; (3) the impact that accommodation of the asserted right would have on other inmates, prison officials, and the allocation of prison resources; and (4) whether there is a ready alternative that would fully accommodate the inmate's rights. *Turner*, 482 U.S. at 89-90. When applying these factors, the court must "respect the

determinations of prison officials." *United States v. Stotts*, 925 F.2d 83, 86 (4th Cir. 1991). The plaintiff bears the ultimate burden of establishing that a prison regulation is unconstitutional. *Hause v. Vaught*, 993 F.2d 1079, 1082 (4th Cir. 1993).

In *Beard v. Banks*, 126 S.Ct. 2572 (2006), the Supreme Court recently upheld a policy similar to the SCDC's policy for inmates in ASU. In *Beard*, the Court concluded that a prison policy prohibiting inmates' access to newspapers, magazines, and photographs did not violate the First Amendment. The Court determined the reason for the policy, which was to provide an incentive to promote better inmate behavior, satisfied the *Turner* standard. Likewise, here, the SCDC policy is an incentive to promote good behavior and a desire to avoid placement in SMU.

Turning to the second factor in *Turner* and whether there are alternative avenues remaining open for the plaintiff to exercise his rights, the court notes that the SCDC policy does not deprive the plaintiff of all photographs. It merely limits the amount he may possess. The plaintiff can possess three photographs in ASU. (Defs.' Mem. Supp. Summ. J. Mot. Ricketson Aff. Ex. B at 12.) The third factor in *Turner* is "the impact accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally." 482 U.S. at 90. As the Supreme Court explained in *Beard,* the third factor is satisfied because correctional officials would otherwise not have this method of rewarding good behavior and for punishing inappropriate behavior.

Finally, in assessing whether the presence of ready alternatives undermines the reasonableness of the policy, *Turner* does not impose a least restrictive alternative test. The issue is whether the prisoner has pointed to some obvious regulatory alternative that fully accommodates the asserted right while not imposing more than a de minimis cost to the valid penological goal. *Overton v. Bazzetta*, 539 U.S. 126, 136 (2003). The Supreme Court described this as a "high standard" to meet. *Id*. As the Supreme Court has recognized, restrictions on privileges are an effective "management technique" in controlling "high-security prisoners who have few other privileges to lose." *Id*. at 134. The plaintiff has not offered any reasonable alternative. Based on the foregoing, the court concludes that

6

the SCDC policy is reasonably related to a legitimate penological goal. Accordingly, the defendants should be granted summary judgment on this claim.

As for plaintiff's due process claim, it is clear from the plaintiff's submissions to the court that he received appropriate notice and a reasonable opportunity to challenge the decision to deny his request to purchase the photographs. *See Hopkins v. Collins*, 548 F.2d 503 (4th Cir. 1977). Further, it is undisputed that the plaintiff had an opportunity to save his property from destruction and it is through his own inaction that the photographs were destroyed. Accordingly, the defendants should be granted summary judgment on this claim.

**Legal Mail**

The plaintiff alleges the defendants interfered with or confiscated his legal mail. The defendants deny interfering with or confiscating any of the plaintiff's legal mail. Nevertheless, even if it is assumed that defendants interfered with or confiscated the plaintiff's legal mail, the plaintiff has not alleged any actual injury as a result. To state a claim that interference with legal mail has abridged his right to access the courts, an inmate must demonstrate some actual harm or prejudice to his ability to communicate with the court or with counsel. *Lewis v. Casey*, 518 U.S. 343 (1996) (holding that when an inmate has had access to court, but alleges that officials deprived him of some item necessary for meaningful pursuit of his litigation, such as his already prepared legal materials, the inmate must allege facts showing actual injury or specific harm to his litigation efforts resulting from denial of the item); *see also White v. White*, 886 F.2d 721, 724 (4th Cir.1989) (holding that, in order to state a claim based on delay or non-delivery of legal mail, an inmate must allege that he suffered actual adverse consequences as a result of the delay or that the non-delivery deprived him of meaningful access to the courts).

The plaintiff contends that in February 2006 he had a pending action in the South Carolina Supreme Court which was harmed. Specifically, he alleges that the defendants' negligent loss and destruction of his legal material caused his state case to be dismissed by the South Carolina Supreme Court on February 10, 2006. However, the plaintiff's

7

pending petition for rehearing in this state case was denied on February 2, 2006, and on February 10, 2006, the South Carolina Supreme Court denied his request for a rehearing on the ground that under the court's rules a second rehearing is not allowed following the denial of a rehearing. (Docket Entry # 17- Pl.'s Mem. Opp. Summ. J. Mot. Ex.)[1] The South Carolina Supreme Court's did not address the merits of the plaintiff's petition. Rather the court denied the plaintiff's petition for a rehearing because litigants are not entitled to file such a motion under the court's rules. Therefore, any material which might have been confiscated in the plaintiff's legal mail would not have allowed the plaintiff to file such a motion as he was not entitled to file it in the first place. Accordingly, the plaintiff has failed to show any actual harm or injury and the defendants should be granted summary judgment on this claim.

**Motion to Add Indispensable Plaintiff**

The plaintiff's wife, the movant, has filed a motion to be added to this action as a plaintiff. Although the movant does not specifically refer to this as a motion to amend, in order to add additional parties after a responsive pleading has been filed, a party must seek leave of the court pursuant to Rule 15, Fed. R. Civ. P., to amend a complaint. See *Hinson v. Norwest Financial South Carolina, Inc.*, 239 F.3d 611, 618 (4th Cir.2001) (holding "a court determining whether to grant a motion to amend to join additional plaintiffs must consider both the general principles of amendment provided by Rule 15(a) and also the more specific joinder provisions of Rule 20(a)"). Here, the movant contends she should be added as a plaintiff pursuant to both Rule 19 and Rule 20, Fed. R. Civ. P.

First, the movant contends she is an indispensable party pursuant to Rule 19.[2] Rule 19 governs the *compulsory* joinder of parties. It does not apply when a individual wishes to voluntarily join an action as a plaintiff. *See Shaw v. AAA Engineering & Drafting Inc.,* 138

---

[1] The court notes that this exhibit is not numbered or designated alphabetically.

[2] Although the movant refers to Rules 19 and 20 of the South Carolina Rules of Civil Procedure, the court will analyze the motion pursuant to Rule 19 of the Federal Rules of Civil Procedure.

8

Fed.Appx. 62, 66 (10th Cir. 2005)(holding Rule 19 is inapplicable, "because, while it provides for the 'Joinder of Persons Needed for Just Adjudication,' it does not provide a joinder mechanism for plaintiffs."); *Glancy v. Taubman Centers, Inc.*, 373 F.3d 656, 669 (6th Cir. 2004) ("Rule 19 is the tool of the defendant" unless the defendant files a counterclaim and raises an issue that the plaintiff then claims impacts an absentee person who should be joined). *See also* Fed.R.Civ.P. 12(b)(7)(referring to the "defense" of "failure to join a party under Rule 19").

The movant also contends she should be added as a plaintiff pursuant to Rule 20. Pursuant to Rule 20, "[a]ll persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action. . . . " Fed. R. Civ P. 20.

> Rule 20 gives courts wide discretion concerning the permissive joinder of parties, and "should be construed in light of its purpose, which 'is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." The court has discretion to deny joinder if it determines that the addition of the party under Rule 20 will not foster the objectives of the rule, but will result in prejudice, expense, or delay.

*Aleman v. Chugach Support Services, Inc.*, 485 F.3d 206, 218 n.5 (4th Cir. 2007)(internal citations omitted). Here, the movant's claims, although factually related, are substantially different from the plaintiff's claims. As an inmate, the plaintiff's legal theories and rights differ from someone, like the movant, who is not incarcerated. Further, this action was brought eighteen months ago and the defendants have filed for summary judgment over a year ago.[3] Allowing the movant to join as a plaintiff at this late stage of the proceedings would result in prejudice, expense, and delay. Accordingly, this motion should be denied.

---

[3]The court notes that the plaintiff originally filed this action naming the movant as a co-plaintiff. (*See* Compl.) The court removed her as a co-plaintiff stating the movant had not signed the complaint and the plaintiff could not act as counsel for a co-plaintiff. (Docket Entry #4.)

**State Law Claims**

To the extent that the plaintiff attempts to state additional claims under state law, (Pl.'s Mem. Opp. Summ. J. Mot. at 3 ¶ 4), the court should decline to exercise supplemental jurisdiction over the claims as it is recommended that summary judgment be granted on the plaintiff's federal claims as set for above. *See* 28 U.S.C. § 1367(c).

## CONCLUSION

Wherefore, it is RECOMMENDED that the Motion to Add a Plaintiff (Docket Entry # 38) be DENIED, the Defendants' Motion for Summary Judgment (Docket Entry #14) be GRANTED and the Plaintiff's claims be DISMISSED with prejudice.

If the District Court adopts this report, it is FURTHER RECOMMENDED that the plaintiff's Motions to Appoint Counsel (Docket Entry #12) and for Temporary Restraining Order (Docket Entry #20) be DENIED as moot.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks<br>
United States Magistrate Judge

November 20, 2007
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).